# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **DEBORAH OSBORNE, ETC.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14CV00042 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | **DENYING MOTION** |
| | ) | **FOR SANCTIONS** |
| | ) | |
| **MOUNTAIN EMPIRE OPERATIONS,** | ) | By: James P. Jones |
| **LLC T/A VALLEY HEALTHCARE** | ) | United States District Judge |
| **CENTER, ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

*Ellen C. Bognar, Lynchburg, Virginia, for Plaintiff; Nancy F. Reynolds, LeClairRyan, Roanoke, Virginia, for Defendants.*

In this diversity jurisdiction personal injury case, Plaintiff filed a Motion for Sanctions relating to discovery, which was briefed and argued and taken under advisement. Following mediation before the magistrate judge, the parties have now announced a settlement of the case, which settlement includes an agreement that Plaintiff will withdraw the motion. Nevertheless, I have an independent obligation to enforce the Federal Rules of Civil Procedure, regardless of the parties' agreement. *See Perkins v. Gen. Motors Corp.*, 965 F.2d 597, 600 (8th Cir. 1992) (holding that parties cannot "bargain away the court's discretion in imposing

sanctions and the public's interest in ensuring compliance with the rules of procedure").

The motion concerns Defendants' conduct in defending a Rule 30(b)(6) deposition on February 27, 2015. Plaintiff contends that Defendants failed to produce an adequately prepared witness for the deposition, as required by the rules, and that defense counsel otherwise frustrated the purpose of the deposition by coaching the witness and directing her not to answer certain questions, without proper cause.

I find that the rules were violated as claimed. In the first place, the deposition's purpose clearly was frustrated by the inadequate preparation of the Rule 30(b)(6) witness. *See* Fed. R. Civ. P. 30(b)(6) (stating that corporate representatives in deposition "must testify about information known or reasonably available to the organization"); *Spicer v. Universal Forest Prods., E. Div., Inc.*, No. 7:07cv462, 2008 WL 4455854, at *8 (W.D. Va. Oct. 1, 2008) ("The corporation must make a good-faith effort to designate people with knowledge of the matter sought by the opposing party and to adequately prepare its representatives so that they may give complete, knowledgeable, and nonevasive answers in deposition."). While I accept defense counsel's explanation that the witness was supplied by her clients and not chosen by her, she had an independent obligation to make sure that the rules were satisfied by the production of a

properly-prepared witness. Indeed, defense counsel admits that she instructed the witness not to talk with important witnesses to the events in preparation for the deposition, but to rely solely on a review of the documentary evidence. *See id.* at *2-3 (imposing sanctions where deponent did no independent investigation to prepare for deposition and solely spoke with counsel, while "admitt[ing] that the information sought could have been obtained through investigation, had he done any").

Moreover, defense counsel plainly violated the rules by instructing the witness not to answer certain questions. *See* Fed. R. Civ. P. 30(c)(2) ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."); *Ralston Purina Co. v. McFarland*, 550 F.2d 967, 973 (4th Cir. 1977) (stating that counsel's actions "in directing [the witness] not to answer the questions posed to him was indefensible and utterly at variance with the discovery provisions of the Federal Rules of Civil Procedure"). While certain of the questions were repetitive, if justified, defense counsel could have followed the procedure permitted by the rules by moving to terminate the deposition and promptly obtaining a ruling by the court. *See id.* at 973-74 ("If counsel felt that the discovery procedures were being conducted in bad faith or abused in any manner,

the appropriate action was to present the matter to the court by motion under Rule 30(d).") (footnote omitted).

In addition, on other occasions, counsel interjected comments after questions in ways that could have suggested answers by the witness or otherwise improperly interrupted the question and answer process. *See* Fed. R. Civ. P. 30(c)(2) ("An objection must be stated concisely in an nonargumentative and nonsuggestive manner."); *Security Nat'l Bank of Sioux City, Iowa v. Abbott Labs.*, No. C 11-4017-MWB, 2014 WL 3704277, at *4 (N.D. Iowa July 28, 2014) (admonishing counsel for "repeatedly object[ing] and interject[ing] in ways that coached the witness to give a particular answer or to unnecessarily quibble with" opposing counsel).

While these violations of the rules have been established, I will not impose sanctions on Defendants or their counsel. It does not appear that Plaintiff was prejudiced by the conduct of the 30(b)(6) deposition, even had the case gone to trial. *See Spicer*, 2008 WL 4455854, at *1 (stating that court may consider prejudice to opposing party in determining sanctions). Moreover, the Motion for Sanctions was filed not long before trial and over two months after the deposition, thus foreclosing any effective remedial sanctions, such as a retaking of the deposition at the cost of Defendants. Finally, I trust that defense counsel will not repeat the conduct described here.

-4-

Case 1:14-cv-00042-JPJ-PMS   Document 63   Filed 06/15/15   Page 4 of 5   Pageid#: 735

Accordingly, while I recognize and formally disapprove of these violations of the discovery rules, for the reasons stated it is **ORDERED** that the Motion for Sanctions (ECF No. 29) is DENIED.

    ENTER: June 15, 2015

    /s/ James P. Jones
    United States District Judge